UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

QPG FOUNTAIN APARTMENTS LLC,
d/b/a Summit East Ridge,                    )
                                            )
           Plaintiff,                       )
                                            )
v.                                          )          No. 1:24-cv-321-CEA-MJD
                                            )
FIRST COMMUNITIES MANAGEMENT,               )
INC., and ASSET LIVING, LLC,                )
                                            )
           Defendants.                      )

## MEMORANDUM AND ORDER

Before the Court is a Motion to Amend Scheduling Order [Doc. 90 ("Motion")], filed by

Plaintiff QPG Fountain Apartments LLC, d/b/a Summit East Ridge ("Plaintiff"). Defendants First

Communities Management, Inc. and Asset Living, LLC ("Defendants") filed a response in

opposition [Doc. 91], and Plaintiff filed a reply [Doc. 92]. This matter is now ripe.

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified "only

for good cause." "The primary measure of Rule 16's 'good cause' standard is the moving party's

diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin.

Corp.,* 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.,* 249 F.3d 807, 809

(8th Cir. 2001)). Courts typically consider a number of factors when determining whether a party

was diligent, including the importance of the discovery at issue, any dilatory conduct by the

moving party, and "whether the adverse party [has been] responsive to . . . discovery

requests." *Gatza v. DCC Litig. Facility, Inc.*, 717 F. App'x 519, 521 (6th Cir. 2017) (citations

omitted). Courts also consider "possible prejudice to the party opposing the modification." *Id.; see

also Moore v. Indus. Maint. Serv. of Tenn., Inc.*, 570 F. App'x 569, 577 (6th Cir. 2014).

In the Motion, Plaintiff requests a 30-day extension to the deadlines for amending pleadings and serving expert disclosures. Under Plaintiff's proposal, the deadline for amending pleadings would be May 29, 2026; the deadline for Plaintiff's expert disclosures would also be May 29, 2026; and the deadline for Defendants' expert disclosures would be June 26, 2026 [Doc. 90 at Page ID # 1226].

For cause, Plaintiff explains that Defendants produced 85,461 documents on April 6, 2026, about three weeks before Plaintiff's deadline for amending the complaint and making expert disclosures. Plaintiff contends the documents were produced without metadata, which "render[ed] the production effectively unsearchable." [Doc. 92 at Page ID # 1237]. Defendants do not dispute this assertion; rather, they contend that the "volume of discovery produced" does not justify Plaintiff's proposal. Defendants also contend they will be prejudiced if the Motion is granted, because Plaintiff's proposal "effectively compress[es] the remaining case schedule into an unworkable timeframe." [*Id.* at Page ID # 1232]. Defendants cite to the current deadlines for final witness lists (June 9), completing discovery (July 7), and filing dispositive motions (August 4).

Contrary to Defendants' assertions, the Court finds Plaintiff has adequately articulated and demonstrated good cause to justify the requested extensions. Defendants' arguments about prejudice, which the Court finds are largely conclusory, do not compel the Court to conclude otherwise. Perhaps Plaintiff should have inquired with Defendants sooner to make a good faith effort at reaching agreement before filing the Motion; however, it is reasonable to infer, based on Defendants' response, that any such effort would not have been fruitful.[1]

---

[1] Plaintiff contacted Defendants about the extensions after business hours on April 27, 2026, the day before the deadline for amending pleadings and Plaintiff's expert disclosures.

2

Nevertheless, to address Defendants' concern about the discovery deadline, the Court finds it necessary to shorten the deadline for Plaintiff's rebuttal expert disclosures, and to extend the discovery deadline solely for the purpose of allowing Defendants to depose any such rebuttal expert disclosed by Plaintiffs. The Court will include these additional amendments sua sponte.

Accordingly, the Motion [90] is **GRANTED**. The Amended Scheduling Order [Doc. 88] is **FURTHER AMENDED** as follows:

**1.** *Disclosure and Discovery***:**

    (a)    Expert Testimony: Plaintiff shall disclose any expert testimony in accordance with Rule 26(a)(2) on or before **May 29, 2026**. Defendants shall disclose any expert testimony in accordance with Rule 26(a)(2) and any rebuttal expert testimony on or before **June 26, 2026**. Plaintiff shall disclose any rebuttal expert testimony on or before **July 10, 2026**.

        See Section 2(c), below, regarding expert-related motions.

        . . . .

    (c)    All Discovery: With the exception of discovery regarding any rebuttal expert testimony disclosed by Plaintiff (see below), all discovery—including the taking of depositions, requests for admissions, and all discovery-related motion practice—shall be completed by **July 7, 2026**. After that date, the parties may conduct discovery by agreement, but the Court will not involve itself in any disputes that may arise.

        Defendants may depose any rebuttal expert disclosed by Plaintiff on or before **July 24, 2026**. Plaintiff shall ensure any such rebuttal expert is available during this extended discovery period. This order does not extend the discovery deadline for any other purpose.

2. Other Scheduling Matters:

    (a)    Amendment of Pleadings: If any party wishes to join one or more additional parties or amend its pleadings, a motion for joinder or for leave to amend shall be filed on or before **May 29, 2026**.

        . . . .

3

All other deadlines and requirements in the Amended Scheduling Order [Doc. 88] remain in place and are unaffected by entry of this Order.

SO ORDERED.

ENTER:

/s/ MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

4